# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

WARREN CLIFTON JACKSON, #432-416, *

Petitioner, *

v. * Civil Action No. PWG-17-689

WARDEN CASEY CAMPBELL and *
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND, *

Respondents. *
***

## MEMORANDUM OPINION

Self-represented Petitioner Warren Clifton Jackson filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition challenges Jackson's 2013 conviction in the Circuit Court for Baltimore City, Maryland for possession of a regulated firearm after conviction of a disqualifying crime; discharging a gun within Baltimore City limits; and theft of property valued under $1,000. *Id.* Respondents filed a Limited Answer in which they sought dismissal of the Petition as being time-barred under 28 U.S.C. § 2244(d)(1)–(2). ECF No. 4. Subsequently, Jackson filed a reply, arguing that this Court is not barred from hearing his claims. ECF No. 7.

I find no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F. 3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)). Because his Petition is time-barred, Jackson's Petition is dismissed, and a certificate of appealability shall not issue.

## BACKGROUND

Respondents accurately described the background of this case:

> In October of 2013, Jackson was convicted in the Circuit Court for Baltimore City of unlawful possession of a regulated firearm, unlawful discharging of a firearm, and theft. On December 2, 2013, Jackson was sentenced to serve 15 years in prison. In an unreported opinion filed on February 6, 2015, the Court of Special Appeals of Maryland affirmed Jackson's convictions. Jackson's request for further review in the Court of Appeals of Maryland was denied on May 27, 2015. Jackson did not seek further review in the Supreme Court . . . .
>
> On May 27, 2016, Jackson initiated state post conviction proceedings in the state circuit court. Post conviction relief was denied on October 25, 2016.

Lim. Ans. ¶¶ 4–5 (citations to exhibits omitted); *see also* Pet. 1–2; State Ct. Docket 7–12, ECF No. 4-1; *Jackson v. State*, No. 2268, Sept. Term 2013 (Md. Ct. Spec. App. Feb. 6, 2015) (unreported), ECF No. 4-2; Order Denying Cert. (Md. May 27, 2015), ECF No. 4-2. Jackson did not file an application for leave to appeal the denial of post-conviction relief to the Court of Special Appeals of Maryland. *See* State Ct. Docket.

In his Petition for Writ of Habeas Corpus filed in this Court, Jackson claims "Ineffective Assistance of Postconviction Counsel." Pet. 3. Specifically, he asserts that post-conviction counsel rendered ineffective assistance by "[f]ailing to call trial counsel at his post-conviction hearing" and by failing to support his claims that trial counsel was ineffective in (a) investigating and preparing his defense, (b) stipulating that Jackson "was prohibited from possessing a firearm," (c) making a closing argument, (d) failing "to obtain an expert on gunshot residue," (e) failing to object during the State's closing argument, (f) "[f]ailing to request [a] 'no evidence' jury instruction, (g) failing to object to or highlight inconsistent testimony from State witnesses, and (h) "[f]ailing to advise Jackson to not testify." *Id.* at 3–4.

## DISCUSSION

The threshold issue in this case is the timeliness of the Petition, as the Court only may reach the merits of Jackson's claims if the Petition is timely. *See* 28 U.S.C. § 2244(d)(1). A one-year statute of limitations applies to habeas petitions in non-capital cases for persons

convicted in state court. *See id.*; *Wall v. Kholi*, 562 U.S. 545, 550 (2011). Section 2244(d)(1) provides that:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). The limitation period may also be subject to equitable tolling in appropriate cases. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Harris v. Hutchinson*, 209 F.3d 325, 329–30 (4th Cir. 2000).

As Respondents correctly state, Jackson's judgment of conviction became final for direct review purposes on August 25, 2015, or 90 days after the Court of Appeals of Maryland denied his petition for writ of certiorari. Lim. Ans. ¶ 4 (citing Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of date of judgment from which review is sought)). Thus, the statute of limitations began to run on August 26, 2015. *See* 28 U.S.C. § 2244(d)(1).

Jackson filed his petition for post-conviction relief in state court 276 days later, on May 27, 2016. *See* State Ct. Docket 9. The limitations period then was statutorily tolled until November 28, 2016, when the time for filing an application for leave to appeal from the October 25, 2016 denial of post-conviction relief expired and the post-conviction court's ruling became final. *See* Md. Rule 8-204 (requiring application to be filed within 30 days of the date of judgment from which appeal is sought). Jackson filed his Petition for Writ of Habeas Corpus 97 days later, on March 5, 2017. ECF No. 1; *see Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998) (holding that a petition shall be deemed to have been filed on the date it was "delivered to prison authorities for forwarding" under the prison mailbox rule); *see also United States v. McNeill*, 523 F. App'x 979, 982–83 (4th Cir. 2013).

In sum, Jackson did not file his Petition until 373 days, or over a year, after his judgment became final. Therefore, Jackson's current federal habeas Petition is statutorily time-barred under 28 U.S.C. § 2244(d).

> Under certain circumstance, the one-year statute of limitations may be subject to equitable tolling. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000). A petitioner seeking equitable tolling must establish that: (1) the petitioner had been pursuing his rights diligently, and (2) "some extraordinary circumstance" prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The extraordinary circumstance must be beyond the petitioner's control or external to the petitioner's own conduct. *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

*Gladden v. Barber*, No. TDC-16-1257, 2017 WL 239372, at *3 (D. Md. Jan. 19, 2017), *appeal dismissed*, 692 F. App'x 128 (4th Cir. 2017). Jackson argues that he is "excused for failing to comply with Maryland's procedural rules," because "his ground for relief is ineffective assistance of postconviction [sic] counsel- which is a claim that is not barred by AEDPA." Pet'r's Reply 1–2, ECF No. 7 (citing *Martinez v. Ryan*, 566 U.S. 1 (2012)).

> *Martinez*, however, addressed not equitable tolling, but the question of what circumstances would provide cause to excuse procedural default, which ordinarily

4

> bars the consideration of claims that a state court declined to address because of the failure to comply with a state procedural rule. [566 U.S. at 9–11,] 132 S. Ct. at 1316. Specifically, *Martinez* held that when state law requires that a claim of ineffective assistance of trial counsel be raised in the first state collateral proceeding, "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state court] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at [17, 132 S. Ct. at] 1320. It provides no foundation for an equitable tolling argument.

*Gladden*, 2017 WL 239372, at *3. Consequently, Jackson has not stated a basis for equitable tolling. *See id.*

Of course, Jackson's sole claim—that his post-conviction counsel rendered ineffective assistance—could not have been brought until after the post-conviction proceedings. But, he still waited 97 days after the time for filing an application for leave to appeal from the October 25, 2016 denial of post-conviction relief expired and the post-conviction court's ruling became final, and he has not demonstrated an extraordinary circumstance that prevented him from filing during that time. Therefore, his Petition must be dismissed. *See id.*

Moreover, even if it were timely, his claim would fail as a matter of law because it is not cognizable. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i); *see also Martinez*, 566 U.S. at 17 ("§ 2254(i) precludes [a habeas petitioner] from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief' . . . ."); *Mackall v. Angelone*, 131 F.3d 442, 448 (4th Cir. 1997) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citation omitted))).

In his Reply, Jackson also seeks appointment of counsel. Pet'r's Reply 5. Given that Jackson's Petition is time-barred, his request for counsel is denied as moot.

5

## CERTIFICATE OF APPEALABILITY

When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a petition is denied on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because Jackson fails to satisfy this standard, the Court declines to issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court will dismiss Jackson's Petition for Writ of Habeas Corpus and decline to issue a certificate of appealability. A separate order follows.

4/30/18
Date

Paul W. Grimm
United States District Judge